NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUBEN SALAZAR-CEJUDO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

Nos. 22-1657, 23-3852

Agency No.
A205-060-105

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 19, 2025[**]
Seattle, Washington

Before: W. FLETCHER and DE ALBA, Circuit Judges, and R. PITMAN, District
Judge.[***]

In these consolidated appeals, Petitioner, Ruben Salazar-Cejudo, a native

and citizen of Mexico, seeks review of two orders of the Board of Immigration

Appeals ("BIA"). In the first, the BIA affirmed the Immigration Judge's ("IJ")

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Robert Pitman, United States District Judge for the
Western District of Texas, sitting by designation.

decision denying Salazar-Cejudo's petition for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In the second, the BIA denied Salazar-Cejudo's timely motion to reopen removal proceedings to apply for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. *See Lemus-Escobar v. Bondi*, 140 F.4th 1079, 1098 (9th Cir. 2025). We deny both petitions.

1. "Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Rudnitskyy v. Garland*, 82 F.4th 742, 746 (9th Cir. 2023). We review the BIA's factual findings under the highly deferential substantial evidence standard, and review both purely legal questions and mixed questions of law and fact de novo. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of [his] statutory protected characteristics and either [his] past harm or [his] objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citations omitted).

Substantial evidence supports the BIA's determination that Salazar-Cejudo is not eligible for asylum and withholding of removal because he failed to identify a nexus between any alleged past persecution or fear of future persecution and a protected ground. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016)

(recognizing that a "lack of a nexus to a protected ground is dispositive of [a petitioner's] asylum and withholding of removal claims" (citations omitted)). Salazar-Cejudo alleges that he suffered past persecution and that he has a well-founded fear of future persecution based on his membership in a particular social group ("PSG") composed of young men returning from the United States, who are perceived as wealthy. We have held that similar formulations of this group are overly broad and thus, not cognizable under the Immigration and Nationality Act ("INA"). *See Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) (holding that the social group composed of individuals returning to Mexico from the United States who are believed to be wealthy is not cognizable under the INA); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (rejecting a proposed group of returning Mexicans who are perceived as "wealthy Americans"). Salazar-Cejudo's proposed PSG likewise lacks cognizability under the INA.

Salazar-Cejudo's argument that his group's formulation is more distinctly defined because it is composed of "young men" is unavailing because the "young men" characteristic lacks immutability. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 833 (9th Cir. 2022). Additionally, Salazar-Cejudo failed to provide any objective evidence that his proposed PSG is socially distinct—that is, that his proposed group is set apart, or distinct, from other persons within the society in some significant way. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1181 (9th

3                                                                                    22-1657

Cir. 2021). Thus, substantial evidence supports the BIA's finding of a lack of nexus.[1]

2. We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. Garland*, 2 F.4th 823, 829 (9th Cir. 2012). The hardship determination for cancellation of removal is reviewed for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025). To succeed on his motion to reopen, Salazar-Cejudo must establish a reasonable likelihood that his removal would cause "exceptional and extremely unusual hardship" to his wife and two sons. *See* 8 U.S.C § 1229b(b)(1)(D); *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023). Salazar-Cejudo failed to do so. The BIA used the correct legal standard and correctly evaluated all the evidence to determine that Salazar-Cejudo's wife's depression, his mother-in-law's cancer diagnosis, and the economic and emotional hardships to his sons and wife are sadly common to families of removed noncitizens. Further, the BIA correctly found that although Salazar-Cejudo's youngest son "has learning disabilities, there is no indication that [his] educational needs will not be met" if Salazar-Cejudo is deported to Mexico. *See In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (BIA 2002) (noting that economic detriment and diminished educational opportunities are insufficient).

---

[1]    Because nexus is dispositive, we need not reach Salazar-Cejudo's other claims. *See Riera-Riera*, 841 F.3d at 1081.

While the hardships Salazar-Cejudo and his family face are undoubtedly difficult, substantial evidence supports the BIA's determination that these hardships are not so "out of the ordinary and exceedingly uncommon," as to rise to the level of showing a prima facie case of extreme and unusual hardships. *See Gonzalez-Juarez*, 137 F.4th at 1006. Thus, the BIA did not abuse its discretion in denying Salazar-Cejudo's motion to reopen on the prima facie eligibility ground.

**BOTH PETITIONS ARE DENIED.**[2]

---

[2] Salazar-Cejudo failed to challenge the BIA's findings that he had waived his CAT claim, and that his proposed PSG composed of young men who oppose or resist recruitment is not cognizable under the INA. Thus, these claims are waived. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that an issue is waived if it is not "specifically and distinctly" argued in the opening brief (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020))).